case number 201527 Freddie Garland v. Orlans PC at all or arguments not to exceed 15 minutes per side Mr. Andrew J. McGinnis for the appellant Mr. McGinnis you may proceed good morning your honors and uh Andrew McGinnis for Freddie Garland this appeal in this appeal we seek review of the action the district court held that attorneys that do any foreclosure any whatsoever are exempt from the federal the fair debt collection practices act under the abdusky decision now the parties have briefed sort of a slew of issues here but i'm going to try to focus on three in the time i have and the three i want to talk about are article three jurisdiction which was not addressed by the district court whether the district court properly applied abdusky and then the third issue is the district court's failure to address its original jurisdiction under the fair debt i'm sorry under the class action fairness act and relatedly whether or not the defendants have waived a non-jurisdictional argument under the act called the home state exception um i want to start with the operative section of the fair debt collection practices act which is 15 usc 1692 e that's e without the parentheses in it a little funny enumeration there uh that section prohibits the fault quote false representation or implication that any an individual is an attorney or that any communication is from an attorney and mr mcginnis mr mcginnis right could i make a suggestion to you and i wasn't sure what you meant on one of the three issues that you said you were going to talk about but i'd suggest that we talk about standing first if you don't have standing none of these other issues make any exactly and that was my first uh that was my first uh section um now as you well know under article three in order to have standing you need to have an injury in fact that's one two that's fairly traceable to the conduct of the defendant and three that is a redressable by the court the only issue in this case as i understand defendant's argument is whether or not there is injury in fact so the first of those three requirements for article three standing in order to plead injury in fact we need to to plead an injury that is quote actual or imminent that is quote particularized to the plaintiff and three that is concrete uh my understanding here is that it's that third of the three elements concreteness which is the gist of the argument defendants are making uh there's no question that the alleged injury uh putting aside the issue whether or not the court deems it concrete enough was actual or imminent it was a result of the letter received and there's no question that it was particularized to this plaintiff he was the addressee of the letter and that's that letter is the the foundation of the cause of main question i have i um you know we we questioned whether anxiety bear a bear allegation of anxiety alone was enough but even assuming it's enough it wasn't fairly traceable to the to the letter it was traceable to the to the debtor's unwillingness or inability to pay the debt so why again i mean we can debate about that i suppose but why is the case just not controlled by that by that case thank you your honor that was in fact my next point was that it's distinguishable from uh the buck holds opinion which of course you've authored but you're holding the panel's holding the court's holding in that case was that it was not fairly traceable which is not even an issue that's been presented here it wasn't fairly traceable because it was the issue didn't even threaten so it was the own it was not fairly traceable it was one of these it was not a concreteness inquiry at all it was a fairly traceable and defendants haven't even made that argument here judge uh there's no fair trace but why is it different i don't know what they're i mean they may or may not be saying that but this is a jurisdictional question so why is this one traceable where the other one was not because the the pleading does not allege that it was a fear of future conduct by the defendant that was the cause of his injury and his anxiety and his intimidation it was the actual receipt of the letter which he received and read so it's not some speculative you know in the future i might do this and it's in my own head even though they didn't threaten something the letter at issue in this case says in black and did he already know that the foreclosure process had begun that's not put in the complaint and to my knowledge no but i don't want to go beyond the record judge that's not put in the complaint this was a this is a letter at the time in my understanding to be fair to your honor's question that was the initial letter typically sent out uh for the wells fargo client of the orleans law at the initiation of a foreclosure when they get a referral from a from a from their client the the mortgage processor but does he does he claim that wells fargo had not been telling him in some capacity or respect that if he didn't pay they were going to foreclose so uh again not pled in any of the complaint uh so i'm reluctant to go beyond the record but uh as this court held in kistner and in the gilly decision which was reversed on other grounds a letter from a law firm a letter from that appears to be from an attorney is a horse of a different color uh to quote the operative language from the alvin versus rubin case in the seventh circuit which this court cited in its gilly decision the price of poker has gone up and so the simple requirement of section 1692 e is that if you're going to send a letter on attorney letterhead it's got to be meaningfully reviewed by attorney that's it congress declared it's it's it's an abusive and unfair well the statute doesn't say that i mean the statute doesn't say that it has to be meaning i mean i mean it is an attorney on the attorney letterhead i think the statute was getting at people that were falsely representing that they were attorneys when they called i mean i understand we've probably gone beyond that now because of christner but i'm not sure how far beyond that we've gotten but i i don't i mean i guess the gist of the argument is that this is there's just no way that an attorney could have reviewed this letter right is that your argument the pleading judge the complaint is that it was not meaningfully reviewed by an attorney yes and in kissner this court cited both claman and the second circuit and other cases that adopted the meaningful review standard for determining whether or not there's a violation of this specific section of the statute can i ask you let me ask you this before we get away from standing what um aside from the aside from the allegation of anxiety and confusion is what is there anything else that is a that is alleged to be a harm to your client here uh well we do have an allegation of mental distression we do characterize these as intimidation this is an intimidation point and we i just want to point out before again before we leave this topic you know spoke ao is the current uh most cited supreme court authority on article 3 standing and specifically on the issue of concreteness which i believe this case the jurisdictional allegation is the article 3 allegations based on that case was decided on may 16 2016 the supreme court issued another decision that day it issued a unanimous decision reversing this court's decision in jilly on other grounds it was an attorney letterhead case on that day and the unanimous supreme court did not address the jurisdictional issue did not say we don't have jurisdiction had a responsibility not to issue a substantive ruling if it determined it didn't have jurisdiction it's the very day it's issuance okay oh and it says uh no that's not uh clear indication that congress has the power to uh under the current supreme court precedent uh and under this court's precedent and macy and in donovan to prescribe this kind of behavior and the risk of material harm that could result from intimidating people to think that a lawyer is sending a letter that a lawyer hasn't meaningfully reviewed i didn't see any in macy though it's interesting there was there are specific paragraphs in that complaint that talk about what the risk of harm would be in that situation and i don't see similar paragraphs in your complaint about what the real risk of harm is from these kind of phony attorney letters i'll call them phony attorney it's actually an attorney but i don't i mean what's the risk of harm i mean is it there's is you're going to pay something you don't owe is that the real thing you're getting at the real risk is that you're going to attribute too much weight you're a you're a homeowner you're a debtor who's perhaps frequently facing financial challenges and you're going to say to yourself boy an attorney must have figured out that i don't have any defense i think that i don't think this is right or fair but jeez they've got an attorney reviewing this i'm sunk i'm not gonna you know and make decisions uh uh in this in michigan if you go forward with a foreclosure by advertisement you typically get a six month redemption period which means the debtor gets to live there for six months without making a payment but assuming that everything that you just said makes sense you didn't make any such allegations at all you didn't say this letter was harmful because he had defenses or he thought there was a mistake or whatever you're just simply saying you get a letter that hasn't been reviewed by a lawyer therefore you've been damaged and going back to judge neil bandian's very first question that that just doesn't make sense and i think you put your finger on it judge if you hold that there's no adequate uh standing here based on this complaint that's tantamount to saying that a debtor that actually owes the money can never have standing under the federal the f the fdcpa unless maybe it's a midnight call and harassment but the whole point of the fdcpa is to protect debtors and to regulate the behavior of judge griffin the court this court even though the ultimate holding was partially reversed in abdusky the court got it right that is debt collection and judge justice bryer's opinion in abdusky for unanimous court points that out and i didn't get a chance to address abdusky i understand the panel is focused on article 3 standing but um i think that uh the rule that will apply if you say there's no standing here is there's no standing under huge swaths of the fdcpa and you've got two opinions published opinions now including macy and donovan where you said the risk of material harm uh and so that's why i'm making these arguments and in paragraph 124 uh of the on count two we do allege that there's a risk of material harm we say in light of the uh of the r this is a state law claim purpose to avoid misleading communications uh excuse me by regulated persons plaintiff and all uh subclass members suffered an injury under the rcpa because the foreclosure letter suggests that letters were sent by attorney when they were not rendering the letters misleading and causing actual and potential confusion anxiety and mental distress to plaintiff and class members that's alleging in so many words and this is this is similar allegations for the fdcpa and i picked the wrong paragraph there i apologize but this is material risk of harm this is the same holding that you guys i'm sorry that the sixth circuit has is held in published opinions in macy and in donovan just past december right mr mcginnis uh i do want you to talk about ordosky uh briefly uh specifically odosky to me uh holds that businesses such as the defendants here are debt collectors only for purposes of 1692 f6 but i see your complaint as alleging a claim under 1692 e for allegedly false deceptive and misleading representation so how how does your claim come within the liability for defendants uh under odesky your honor uh you're correct we are not alleging uh the limited purpose violation uh we are alleging a 1692 e violation okay how's that i mean i read odesky as saying that businesses such as this are that are debt collectors only for f6 and that's a different cause of action and that's not what you're alleging so how do you how do you stay a claim here the way we know that the district court misconstrued obdusky and that in fact the holding of obdusky is far more limited than the reading you suggest is that the unanimous court goes on to say this doesn't mean that foreclosure attorneys have carte blanche to do they want to do if they do midnight phone calls they'll still be subject to the statute the only way you get there judge griffin is if you read the opinion as we've laid out in the brief as the court was careful to combine that ruling several times to say when you're doing the things required by state foreclosure law you are protected under that reading but once you go outside of it can i ask you a question is there um if if i'm if let's assume i'm not doing something required by state law yes okay do you think that there's then everything else is is um fair game or are there three categories there's something that is required by state law there's something that is abusive repetitive nighttime calls and there's something else that is merely perhaps a violation of the statute but is not abusive whatever that means or are you saying that anything that's not required by state law is falls into the abusive category i'm not saying that judge i'm saying that anything that is not required by state law uh in the context of a foreclosure is debt collection and subject to the other restraints of the statute it doesn't mean it's abusive there's many many uh foreclosure attorneys who for many years but we know from abdusky that the liability for the for this quote-unquote debt collector has to be tied to abusive behavior right i mean justice brier's opinion said we're not giving you carte blanche you can't do something abusive i don't know what that means the only example he gives is repetitive nighttime calls but it can't be that he means everything in in the statute that's a violation would would be problematic right i respect to respectfully disagree i don't even understand how that argument follows in other words there's no um congress has already defined under its legislative power under article one what it considers to be fair and unfair debt collection and so the this notion that you're going to distinguish between abusive and not abusive on on these myriad other violations is just putting the court in a horrible position but what's in this i'm sorry what's the point of that part of the i'm trying to figure out what's going on in that last page or last few pages of that opinion where he says look you're you're going to be exempt from the lion's share of stuff here but you're not going to get away with everything like repetitive nighttime calls and that to me is he's slicing the justice briars slicing it up so that we're left with a few categories is that that's not right it can't be it can't be the only clear line is to say is is what we argue in the brief if you're following state foreclosure law the court in abdusking the unanimous court was trying to reconcile these the the major definition with the special uh the the subpart definition the secondary and it did it repeatedly by saying we understand that the the challenge conduct in this case was required by state foreclosure law colorado foreclosure law that's it the court never said you've got broad license to anything unless we think it's abusive or i mean that in donovan this court in this past december said we want a bright line test we don't like these fuzzy areas and so uh that's why we filed our citation of supplemental authority based on this course recent published donovan decision to say this is the this is the clear path uh and it doesn't mean that once they step beyond what's required by state foreclosure law they're automatically deemed to be abusive we don't allege that uh there were many different ways they could have not been a violation they could have had attorneys actually review in a meaningful sense these letters they could have put a disclaimer in the letter saying this just because you got this letter doesn't mean we've done a considered review of your file um so it's certainly not it's not a sort of falling off the cliff and i hope judge griffin that answers your question hey it does all right you're way out of time any further questions judge mckeague no thank you judge novana you'll have your four minutes rebuttal mr mcginnis from the council for appley may it please the court my name is i.w winston and i represent the defendants appley's there are multiple alternative grounds to affirm the dismissal of each of garland's two claims his federal fdcpa claim and his michigan law rcpa claim as you decide this appeal it is where garland's claim is that he was confused over whether a letter he received in connection with his non-judicial foreclosure that was on the orleans law firm's letterhead was from an attorney who actually reviewed his matter garland does not contend that the actual contents of the letter were inaccurate or misleading in any way he just says he was confused over whether an attorney had reviewed it that's his sole complaint he doesn't allege he was subject to any other allegedly improper conduct such as late night harassing phone calls or anything and he seeks as his sole remedy the statutory fines available under these acts he does not seek or even claim that he has suffered any damages in fact the only harm that garland mentions in his complaint is the conclusory allegation that his confusion caused him anxiety because the possibility that the letter was from an attorney suggested to him that his prospects for avoiding foreclosure were diminished that's it he doesn't claim he took any action as a result of being confused or anxious or that he relied to his detriment on the letter either being from or not from an attorney and he does not dispute that he owed debt secured by the mortgage or that he failed to pay it and he does not dispute that his lender had the right to foreclose in a non-judicial foreclosure and that it did so properly he also brought this case as a punitive class action under both acts i think that um so i take it you don't think that the differences between this letter and and the letter and buckles are begun which seems to be saying a little bit more than the letter did in buckles right well but but but i think buckles is dead on point for two reasons number one it says in this circumstance you flunked the traceability requirement of standing because your injury is self-inflicted because you didn't pay your debts and then secondly the court was very skeptical where whether being anxious alone was sufficient to satisfy the injury in fact requirement so i think that the holding of buckles is dead on and of course judge griffin you were on that panel um in terms though of the kind of the background of what's going on here it's important i think let me ask you let me say let me ask you this question about buckles um one thing that buck did not do because uh for various reasons was analyzed whether there was a real risk of harm or material risk of harm involved um if we were to look at that question in this case why wouldn't we say that the statute there is a real risk of harm when you have a somebody posing as an attorney or something on attorney letterhead is going to make a debtor likely to do something that they wouldn't ordinarily do okay so first of all there's no garland did not plead that there was an impending risk of harm at all he did not plead that and he took no detrimental action because of his alleged anxiety or in reliance on his confusion um and i submit your honors that the requirement for a concrete injury would be eviscerated if a plaintiff could simply make a conclusory allegation of anxiety and thereby satisfy the injury in fact requirement with respect to a bare procedural violation of the act and that's all we have here um and i would also say but that but i mean the response to that is the judge murphy obviously concurred in buckles and said look there are plenty of times where we do some where something that looks like anxiety or mental damage mental distress is recognized as an injury for at least for article three purposes why does that why does that not apply as opposed to what the majority in buckled said well um first of all under it ball this court can disregard garland's allegation of anxiety because it's conclusory and he alleged no specific facts to support it he alleged nothing as to duration or severity or how it was manifested or whether he ever received treatment for all we know garland's purported anxiety lasted only for a nanosecond if that long um and so i would suggest that the court adopt the second circuit the seventh circuit's approach and brunette that an fdcpa plaintiff's confusion or anxiety does not satisfy standing requirements this question about that says state of confusion but it really doesn't say anxiety does it no it does it focuses on confusion as opposed to anxiety but i think for these purposes they're synonymous terms okay especially when i mean all we have is the conclusion i was anxious we don't have anything more there's no indication in the complaint that the plaintiff um in any material way suffered anxiety and if you let a plaintiff in an fdcpa case case satisfy standing by saying i was anxious you've just written out the injury in fact requirement you've written out of the standing everybody can get past it with the conclusory allegation of anxiety which is i don't think what anybody's intention was um if i if i may um it's important to focus on this case is dominated by the state law claim because that seeks many many times the amount sought here in the federal claim but it's undisputed that the state law claim could not be brought as a class action in state court because the michigan court rule bars the assertion of a class action where like here the class seeks only statutory fines this is undisputed here so what's going on here is that garland seeks to bring a class action under the state statute which dwarfs the federal claim in federal court when he could not do this in state court and he seeks up to two hundred dollars in fines on behalf of thousands of people who are allegedly part of his punitive class for a state claim when he would be barred from doing this in state court and he contends that there should be kappa jurisdiction over his state law claim when his complaint does not identify a single member of the punitive class who is a citizen of another state but he contends that he can satisfy the requirement for minimal diversity under kappa by just speculating in his complaint that an unidentified member of the class and the class consists of all michigan borrowers who were foreclosed that an unidentified member of the class must now have moved out of michigan and become a citizen of another state do you think this the standing out the standing analysis takes care of the federal and the state claims right i assume or absolutely yes yes standing is dispositive here on everything okay so the only we only get to this kappa issue if there's a there's a we think there's a viable possible state claim right correct okay why is it implausible to say that in the last 10 years not one of these people has moved out of state i mean is it just it's we can all agree that's plausible but it's just up to the plaintiff to allege it or find somebody to satisfy minimal diversity yes i mean i i think the way this works is the way federal subject matter jurisdiction works the courts federal courts are courts of limited jurisdiction there's a presumption against federal jurisdiction and a plaintiff must allege actual facts to invoke federal jurisdiction you can't satisfy minimal diversity through speculative speculation and conclusory allegations and that's all we have here and the failure to identify a member of the class that was diverse is inexcusable here because garland concedes he has a list of all the names and addresses of every michigan borrower upon whom orleans foreclosed he had the ability to determine if there was a diverse member of the class but instead all we got was speculation kappa does not impose much but it imposes two things you got to have minimal jurisdiction you got to identify a specific out-of-state person and you've got to allege and demonstrate five million at issue and he also flunks the five million at issue requirement the way he gets to five million is by speculating that every michigan borrower who was foreclosed got a letter like the one that garland is your client a corporation is it an llc what is it it's a pc okay and so it's it's governed by corporate like either principal place of business or at home not like a it doesn't have members that would be in other states right right right it isn't like an llc or a partnership right okay mr winston if if we were to get past the jurisdictional issue as to the state law claim tell me how the state law claim does not state a claim upon which relief can be granted the federal claim to me has problems with or dusky and uh whether or dusky does not allow this under the federal law but how about the state law why does that not state a claim sure uh good question your honor um well there's a host of reasons why once the ftcpa claim is gone that the state claim goes to first you got the standing issue same standing issue applies i said let's get past jurisdiction okay if we get past it tell me why it doesn't state a claim secondly the plaintiff's entire position here is that the state act should be construed consistent with the federal act therefore but it's different it's different though isn't it it is and and and i'm getting i'm getting to that but his overall claim is interpreted the same way so if you know just from a superficial standpoint okay even even if he even if he argues that the the laws are the same i mean we have an obligation to correctly apply the law even if the attorneys get it wrong and if the attorneys get it wrong we still have to get the law right so all right let's get the law okay the act the state act excludes a collection agency from the definition of a regulated person orlins is not a regulated person under the state act a collection agency is defined to include a person engaged in repossessing or attempting to repossess a thing of value the definition of a regulated person does not include an attorney repossessing or attempting to repossess a thing of value and likewise the act only prescribes misleading communications in connection with the collection of debt and does not prescribe such communications in connection with the repossession of property therefore the state act which was created shortly after fdcpa and was intended in effect to mimic it has the same kind of exclusion for security interest enforcers it's not meant to capture security interest enforcers under the definition of regulated persons that's number one number two but what do we do okay what do we do with the fact that the supreme court says in abduski that we're not giving you complete immunity there are some things you can't do the only the one thing we know you can't do is repetitive nighttime calls what is the line what what is it that you you aren't able to do as a security interest enforcer that's acting as a quote-unquote debt collector well if i may i want to answer it two ways the first way is you never need to get to that issue and let me explain why and then i'll get to the substance of it in bates in 2020 this court broadly applied abduski and helped at parties who assist creditors with the non-judicial foreclosure of a home do not fall within the general definition of a debt collector importantly bates held that complaint and i'm quoting does not adequately plead that a lawyer is a debt collector under the act's general definition if it alleges only that a lawyer helped a lender undertake a non-judicial foreclosure close quote that's all garland pled here bates if my recollection is that bates involved someone who was compliant or doing something pursuant to state law right this was an antecedent step under state law in bates and you're not in i'm assuming you're not in that box and just so we're in this we're in this world outside of abduski outside of bates where you're doing something and i don't know what it i don't know exactly whether i'm just trying to figure out what is it that you're exempt from if you're not acting pursuant to state law okay so abduski says that uh you know in in the language you're recording from briar but if you engage in other abusive activities where you're not deciding whether or not that brings you back within the ambit of the act here there's no allegation that we've engaged in any other allegedly improper activities so there's nothing additional here to bring us back within the the orbit but i want to go back to the bates point for this reason phony the phony attorney letter is possibly would be i would say is that the same as a repetitive nighttime call well that letter is not covered uh we are does not the act does not apply to us because congress excluded security interest enforcers from 1692e under their definitions right so but the but justice the but the opinion is yeah except we do include you i mean if yes you do include you if you're being abusive that's the way i read it i it's it's an odd way to it's an odd way to do definitions in a statute i don't disagree with that i'm just saying that that's i'm trying to apply it and it says hey if you're being abusive then i'm gonna call you a debt collector well they don't say that what they say is we're not we're not deciding that and my you know my suggestion my guess is that that but they're not deciding that that brings you back within the ambit they're just saying we don't have to deal with that now it's pretty clear that that the opinion is pretty clear don't you think hey we're not giving you blanket immunity so you do not have blanket immunity we agree right so number two i'm giving you a suggestion of what might fall into the liability that would be repetitive nighttime calls what so why is repetitive nighttime calls different than sending the phony attorney letter and i understand it's not phony whatever but i'm just calling it that yeah um um uh you know i i think those are good questions your honor and i think they're going to be sorting out whether there are three buckets or two buckets as you asked my opposing counsel um but but again i i think it's important here to focus on the fact that bates said we don't have to deal with any of this stuff because unless the plaintiff proves that you have a principal purpose other than non-judicial foreclosures in the complaint you're not within the the general definition and in this case he pled the exact opposite he pled that the vast majority of our foreclosures are non-judicial foreclosures that his home was foreclosed through a non-judicial foreclosure so he doesn't plead what bates requires to have a chance to come in within the ambit of the general definition so and i apologize because judge griffin's question was about the michigan statute but you referred back to the federal so i guess i go back to the state issue then how does all that work with the way the michigan statute works you're saying that if you don't under that bates test if you're not if you're basically just a security interest enforcer you're also not a debt collector under under under the michigan statute yes under under the the definition of regulated person and and we set this out in our brief if you work through that you'll come to the conclusion that a security interest enforcer just like in the fdcpa is not covered and that makes sense since the state statute mimics the federal but there's more the state statute has an additional injury requirement the state act specifically requires in section 7 that garland plead that he suffered an injury loss or damage to recover and he has to plead that improve it even if he seeks only statutory fines you have to show an actual injury to recover and here there's none for all the reasons we've been discussing so in addition to constitutional standing there's a more strict statutory standing requirement requiring that you show injury loss or damage and he's disclaimed all that he doesn't claim any damages he's only seeking the fines you're so you're saying that even if anxiety were enough for article 3 there would have to be even more under the michigan statute right correct okay mr winston you're out of time any further questions uh judge mckeague no thank you judge no bandian all right mr winston we we spent a lot of your time with questions but i'll give you one minute to wrap it up if you want um thank you your honors and thank you for your work on our you've obviously read that read it very carefully and and and we all appreciate it garland lacks constitutional standing to assert any of his claims here and if you were to buy into bear anxiety satisfies then you've eviscerated the standing requirements because because the injury in fact and requirement is becomes non-existent and traceability buckles is dead on point the injury here is self-inflicted um and um and under obdusky and baits um the statutes at issue here do not even apply to or organellan's actions because they were in connection with the enforcement of a security interest and there's no kaffa jurisdiction even if the and there's no kaffa jurisdiction over the state claim because carlin failed to plead minimal diversity not a single identified uh member of the punitive class and again on the claim the punitive class consists only of michigan borrowers who were foreclosed so in order to be able to make his claim he's got to be able to show that one of those people has moved out of state and as a citizen of a different state he never alleges it he just speculates that's not sufficient to invoke federal jurisdiction um and we ask that you affirm thank you mr winston mr mcginnis you have four minutes rebuttal you're on me you're muted somehow i knew i was going to do that thank you um confusion is not the same as anxiety in the kissner case this court held that uh confusion establishes a violation of the attorney letterhead uh prescription because a letter that can be interpreted as both either from attorney or not from an attorney um uh is is a violation and so that anxiety stands as a in this court the michigan court of appeals work case zwerch in which uh mental distress anxiety is a compensable damage under michigan fraud law uh for uh damages that's been the case for many many many many years and so i i understand the impulse of the defendants and the appellee to try to push this the analogy to an intentional infliction of emotional distress claim that's not what the relevant uh comparison is under louisianne under spokeo congress has the article 3 standing and uh one of the tests is whether it's comparable to a common law claim we have a common law 1692 e false deceptive or misleading representations is clearly analogous to a fraud claim and we have michigan law telling us that emotional distress mental distress are compensable damages for a fraud claim under michigan law so that establishes that um there's an argument in mr winston's argument that uh are we violated a call or we don't we don't withhold i refer the court to um uh where have i put my uh federal rule of appellate federal rule of civil procedure nine um which states that uh for nine b fraud or mistake conditions of the allegaging in alleging fraud or mistake a party must state with particularity the circumstances constituting fraud fraud or mistake we've done that malice intent knowledge and any other condition of a person's mind may be alleged generally so uh that's an invitation for you to violate or to to disregard the federal rules of civil procedure to say we have to go into great detail uh when the rule specifically allows us to allege anxiety generally um he asked you to follow brunette brunette and other seventh circuit cases that we've supplied in our response to a citation of supplemental authority expressly recognize the seventh circuit doesn't follow macy it doesn't follow this circuit's precedent published precedent on this issue of standing the seventh circuit interprets spokane differently than the circuit under two published decisions um uh he there was an argument here about the motive and trying to get to bootstrap a state class action onto the federal he didn't mention the case it's shady grove that was an opinion just uh decided by justice scalia and uh this is a this is something that's come up in other cases in the district he's arguing so we're just doing what shady grove and justice scalia uh told us was proper um he argues that uh orleans is not a regulated person every judge in the eastern and the western district this argument has been made multiple multiple times has held that a foreclosure law firm is a regulated person under the michigan uh regulation of and and even the western district initially had one decision going the other way and it has since followed the eastern district on this um i i i would just point out my last point is that uh judge nel bandian you you invited mr winston to uh give you a line of demarcation on those three categories with respect he didn't answer it to the extent he answered it he asked for the complete carte blanche that we know the unanimous court and obdusky said you is not uh foreclosure law firms are not entitled to and the only other way that uh obdusky doesn't apply is if you're going to drag the court into deciding which quote-unquote abusive uh conduct uh is somehow outside of obdusky or in we've offered the only clear line of demarcation you follow the state foreclosure law it's published this is what you're hired to do after all this is your profession and you've got the protection of obdusky it's not a hard it's not a unfair or harsh reading of obdusky if you step outside if you don't follow if you're doing something completely not required by that statute by the state foreclosure law then you fall within the general definition of a of a debt collector i thank you for your time and attention thank you mr mcginnis any further questions judge mckeague no thank you no bandian all right uh thank you for your arguments uh case will be submitted you may adjourn the court the honorable court is now adjourned